IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HELIS OIL & GAS COMPANY, )
L.L.C., *et al.*, )
 )
       **Plaintiffs,** )
 ) Case No. 2:18-cv-01660
v. ) Judge George C. Smith
 ) Magistrate Judge Chelsey M. Vascura
TOULA EVANGELINOS, *et al.*, )
 )
       **Defendants.** )

## OPINION AND ORDER

This matter is before the Court on (1) Plaintiffs'[1] Motion for Default Judgment against Defendants Toula Evangelinos and Toula Evangelinos, as Fiduciary for the Estate of Constantine M. Evangelinos (together, the "Evangelinoses") (Doc. 19); and (2) Plaintiffs' Motion for Default Judgment against MidWest Land Services, Inc. ("MidWest") (Doc. 22). Also before the Court is Defendant Toula Evangelinos' Motion to Set Aside Entry of Default and Response in Opposition to Plaintiffs' Motion for Default Judgment (Doc. 28). Defendant Midwest Land Services, Inc. has not responded.

Rule 55 of the Federal Rules of Civil Procedure governs default and default judgment. Default has been entered by the Clerk of this Court against the aforementioned Defendants pursuant to Rule 55(a) for failure to file a responsive pleading to Plaintiffs' Complaint. After the entry of default, Plaintiffs have now moved for default judgment against the aforementioned Defendants. Even though the well-pleaded factual allegations of the complaint are accepted as

---

[1] Plaintiffs in this matter are Helis Oil & Gas Company, L.L.C.; Helis Royalty Company, L.L.C.; Walter Production, Inc.; OGI, Inc.; Wind River Resources, Inc.; and Percy Holdings, L.L.C..

true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *J & J Sports Prods. v. Rodriguez*, 2008 U.S. Dist. LEXIS 96499, *2–3 (N.D. Ohio 2008) ("The Court . . . must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment."). In addition, where the damages sought are not for a sum certain, the Court must determine the propriety and amount of the default judgment. *See* Fed. R. Civ. P. 55(b).

**A.  Plaintiffs' Motion for Default Judgment against Defendants Toula Evangelinos and Toula Evangelinos, as fiduciary for the Estate of Constantine M. Evangelinos**

Defendant Toula Evangelinos, Individually and as Fiduciary for the Estate of Constantine M. Evangelinos, was served with the Complaint in this matter and when she failed to answer, the Clerk of this Court entered the Entry of Default on February 21, 2019, pursuant to Federal Rule of Civil Procedure 55(a), for their failure to file a responsive pleading (Doc. 18).

Defendant Toula Evangelinos has now retained counsel and filed a Motion to Set Aside the Entry of Default and a Response in Opposition to Plaintiffs' Motion for Default Judgment. Defendant moves pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the Entry of Default on the basis that she has a meritorious defense to this case. She asserts that her failure to file an answer was not willful, but she mistakenly thought that her attorney handling the probate matters would handle it. She further asserts that Plaintiffs will not be prejudiced as there has only been a small delay of a few months.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, or it may set aside a default judgment under Rule 60(b)." "A party seeking relief

from a default entry must demonstrate 'good cause' using the reasons enumerated under Federal Rule of Civil Procedure 60(b)." *Simmons v. Ohio Civ. Serv. Emp. Assoc., AFSCME, Local 11*, 259 F. Supp. 2d 677, 685 (S.D. Ohio 2003). Under Federal Rule of Civil Procedure 60(b)(1), a court may grant a motion to vacate for the reason of "mistake, inadvertence, surprise, or excusable neglect . . . ." To determine whether relief is available to the movant under the Rules, the court considers "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *Simmons*, 259 F. Supp. 2d at 685.

First, the threshold question for analysis under Federal Rule of Civil Procedure 55(c) concerns the culpability factor. *Simmons*, 259 F. Supp. 2d at 685. "[U]nless the party seeking relief can demonstrate that his or her conduct resulted from inadvertence, surprise, or excusable neglect without culpability, the court need not consider the evidence" regarding the other two factors. *Id.* Culpable conduct is that which "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the party-in-default's] conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).

In this case, Defendant Toula Evangelinos asserts that she mistakenly believed that this matter related to, and would be handled by, her attorney Eric Costine who was handling her husband's estate matters in probate court. (Doc. 28 at 8-9). Despite Attorney Costine's interactions with Plaintiffs' counsel in his dealings with the estate matter, he did not receive a copy of the Complaint in this action or any type of notification that his client had been sued. (*Id.*). The Court agrees with Defendant's representation that her failure to respond was not "an intent to

thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings," but instead was due to her misunderstanding and confusion regarding the Complaint. Accordingly, Defendant's conduct was not culpable and it has satisfied the first factor.

Second, a meritorious defense is advanced "if any defense relied upon states a defense good at law . . . ." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). In *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 720 (S.D. Ohio 2002) (Smith, J.), this Court held that the court must consider "'whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" (quoting 10 Charles A. Wright et al., Federal Practice and Procedure, § 2697 (2d ed. 1983)). The likelihood of the movant's success on such a defense is not the proper measure. *United Coin Meter Co.*, 705 F.2d at 845. Additionally, regarding the analysis to vacate an entry of default, "'[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Id.* (quoting *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)).

In this case present case, not only has Defendant asserted a meritorious defense, but in consideration of the Motion for Default Judgment, the facts as pleaded in the Complaint were potentially insufficient to establish any contractual relationship between Plaintiffs and Defendant Evangelinos and subsequent breach. Defendant Evangelinos has raised defenses of fraud, indemnity, and contribution based on the conduct of Midwest. All of these are valid defenses at law and after proceeding on the merits, the case could be decided contrary to the entry of default. Therefore, Defendant has met this factor.

Third, the prejudice factor requires that reinitiating the case "'will result in loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion'" to the plaintiff. *Pavuk v. U.S. Bank Nat'l Ass'n ND*, No. 2:09-CV-00514, 2010 U.S. Dist. LEXIS

18049, at 5 (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). "The mere fact that a plaintiff will have to litigate the action on its merits, rather than proceed by default, does not constitute prejudice." *Id.* (citing *Amari v. Spillan*, No. 2:08-cv-829, 2009 U.S. Dist. LEXIS 120851 (S.D. Ohio Dec. 29, 2009)). Furthermore, "delay alone is not a sufficient basis for establishing prejudice." *Id.*

Here, there is no indication that there will be any loss of evidence, difficulty of discovery, or a greater opportunity for fraud. In fact, there has only been a delay of a few months and a delay does not establish prejudice. Granting Defendant's Motion would only reinitiate the judicial process and require Plaintiffs to litigate their case, which does not constitute prejudice. Therefore, Defendant has met this factor.

Therefore, because Defendant has shown that her conduct was not culpable, she has meritorious defenses, and Plaintiff will not be prejudiced, the Court finds that the entry of default must be vacated. Further, Plaintiffs' Motion for Default Judgment is denied as to Defendant Toula Evangelinos both individually and as Fiduciary for the Estate of Constantine M. Evangelinos. Defendant must file a responsive pleading within 60 days from the filing of this Opinion and Order.

## B.  Plaintiffs' Motion for Default Judgment against MidWest

In Count Two, Plaintiffs assert that Defendant MidWest breached the general warranty covenants under Ohio Revised Code § 5302.06. MidWest transferred the interest in the 121.115 acre parcel and the 6.367 acre parcel that it received from the Evangelinoses. However, MidWest only owned the mineral rights to an undivided one-half interest in the minerals underlying the 6.367 acre parcel.

Regarding Plaintiffs' Motion for Default Judgment against MidWest, the Court makes the following findings:

1. On January 25, 2019, MidWest was served with Plaintiffs' Complaint. (Doc. 20).

2. On April 24, 2019, pursuant to Fed. R. Civ. P. 55(a), the Clerk entered default against the MidWest for its failure to file a responsive pleading (Doc. 21).

3. To date, MidWest has failed to file a responsive pleading.

Accordingly, Plaintiffs' Motion for Default Judgment against the MidWest is hereby **GRANTED**.

Pursuant to the foregoing, **IT IS HEREBY ORDERED** that judgment be entered in favor of Plaintiffs and against MidWest as follows:

    a. For payment of $1,022,317.65, representing the consideration Plaintiffs paid MidWest for the mineral interest described in the Complaint;

    b. Pre-judgment interest in the amount of $205,107.70, representing the statutory rate per annum pursuant to sections 1343.03(A) and 5703.47 of the Ohio Revised Code from September 12, 2013 to June 11, 2019; and

    c. Expenses in the amount of $400.

2. Interest on the judgment, at the rate provided in 28 U.S.C 1961, for as long as the judgment remains unpaid.

**IT IS SO ORDERED.**

Date: 8/5/2019

GEORGE C. SMITH, JUDGE
UNITED STATES DISTRICTCOURT